UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Case Number 12-20160

v.                                                   Honorable David M. Lawson

AARON UTLEY,

        Defendant.

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

The matter is before the Court on the defendant's motion for reconsideration of the Court's August 9, 2012 order denying the defendant's motion to suppress. The defendant asserts that the consent of his girlfriend Kaitlyn Young to search the apartment where the defendant and Ms. Young lived was not voluntary. However, all of the issues that the defendant raises in his motion for reconsideration were thoroughly briefed and argued on the motion to suppress filed by defendants prior counsel. The Court therefore will deny the motion.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). "Generally . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. LR 7.1(h)(3).

A warrantless search is reasonable under the Fourth Amendment where the search is conducted with proper consent voluntarily obtained. *See Schneckloth v. Bustamonte,* 412 U.S. 218

(1973). The government bears the burden of demonstrating that consent was "freely and voluntarily given," without influence of duress, coercion, or mere submission to authority. *United States v. Van Shutters,* 163 F.3d 331, 335 (6th Cir. 1998). That burden must be met with "clear and positive testimony." *United States v. Hurst*, 228 F.3d 751, 757 (6th Cir. 2000). However, the government need not prove that it was the defendant who gave consent to search. "A search does not violate the Fourth Amendment where police obtain consent to search from one who possesses common authority over the premises." *United States v. Clutter,* 914 F.2d 775, 777 (6th Cir. 1990); *Van Shutters,* 163 F.3d at 335. The Court determines the validity of consent by evaluating the totality of circumstances surrounding the alleged consent given. *Ibid.*

The Court found that Young consented to the search of her apartment. Young handwrote a statement in which she states that she gave consent to the search twice. Agent Karpac's report indicates that she asked Young for consent to search and that Young consented. At the parole violation hearing on February 13, 2012, Agent Wieas stated that he was present during Karpac's and Young's conversation, heard Karpac ask for permission, and heard Young give it.

During the hearing on the motion to suppress, the Court found that officers were authorized to enter and search the apartment based on the voluntary consent given by Ms. Young, who lived in the apartment with Utley; that the objective manifestation of consent was sufficient to allow the officers to proceed; and that there was not such an objective show of force by the officers as to vitiate the consent as voluntarily given.

Because the defendant seeks merely to reargue a question which has already been thoroughly briefed and argued, and on which the Court has already ruled, the Court finds that the defendant has not shown any palpable defect that misled the Court and the parties.

Accordingly, it is **ORDERED** that the defendant's motion for reconsideration [dkt. #38] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   November 21, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 21, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL