UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON UTLEY,

                Petitioner,

Criminal Case Number 12-20160
Civil Case Number 13-14727
Honorable David M. Lawson

UNITED STATES OF AMERICA,

                Respondent.

_____/

## OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE

Petitioner Aaron Utley was convicted on his plea of guilty of being a felon in possession of a firearm, after entering into a plea agreement under Federal Rule of Criminal Procedure 11(b)(1)(C). He was sentenced on April 5, 2013 to a prison term of 57 months, well below his sentencing guideline range of 70 to 87 months, which was predicted in the plea agreement. Utley did not file a direct appeal from his conviction or sentence.

Seven months later, Utley filed the present motion to vacate his sentence under 28 U.S.C. § 2255, in which he alleges that the Court was biased against him and erred in denying his pretrial motion to suppress evidence; his trial counsel was ineffective by failing effectively to argue the suppression motion; the conviction was a "miscarriage of justice" because certain elements were not satisfied, as a matter of law, by the facts adduced in the record of the guilty plea hearing; and the prosecutor engaged in misconduct by charging and prosecuting a meritless indictment premised on facts that did not constitute a crime under federal law. Utley reasons that because the shotgun he possessed was not a "firearm" as defined in the criminal code, he is "actually and factually innocent" of the crime to which he pleaded guilty. The government responds that all of Utley's claims either are foreclosed by his guilty plea or were procedurally defaulted when he failed to pursue a direct

appeal, and, as to his ineffective assistance claim, Utley has not articulated any factual basis to show how his attorneys' performance was deficient. The Court agrees that none of Utley's claims has any merit. Therefore, the motion will be denied.

I.

On March 14, 2012, the petitioner was charged in a single-count indictment with possessing a firearm after having been convicted of a felony, contrary to 18 U.S.C. § 922(g)(1). Utley was on parole at the time to the Michigan Department of Corrections. His parole agent had received a tip that Utley had two firearms at his girlfriend's apartment. The agent responded by immediately traveling to the apartment and, with the help of other law enforcement officers, searching the apartment. The agent testified at a hearing that Utley's girlfriend consented to the search of her apartment. During a search of the apartment, a loaded H&R 12 gauge shotgun was recovered from underneath the bed. At the time of the search, the girlfriend told the parole agent that Utley brought the shotgun into the house a few days earlier and stashed it under the bed.

Utley was represented by three successive attorneys appointed under the Criminal Justice Act. On May 4, 2012, the petitioner filed a motion challenging the search of the apartment and seeking to suppress the gun as evidence. After conducting an evidentiary hearing, the Court denied that motion on August 9, 2012. The petitioner filed a motion for reconsideration of the order denying his motion to suppress, which the Court denied on November 21, 2012.

On December 4, 2012, the petitioner pleaded guilty to the felon in possession charge, with the benefit of a plea agreement in which the parties expressed the belief (accurately) that the petitioner's applicable sentencing guideline range would be 70 to 87 months. The agreement provided that Utley could withdraw his guilty plea and proceed to trial if the Court found that the

sentence should exceed 87 months in custody. On April 5, 2013, the Court sentenced the petitioner to 57 months in prison, to be served concurrently with an ongoing state prison sentence for a parole violation, and ordered that he forfeit the shotgun in question. The petitioner did not file a direct appeal of his conviction or sentence. On November 14, 2013, he filed a motion to vacate his sentence under 28 U.S.C. § 2255. The government filed a response to the motion.

The petitioner argues that his sentence should be vacated for the following reasons: (1) the Court erred in denying his motion to suppress the gun at issue as physical evidence, which the petitioner contends was seized during an illegal search; (2) the petitioner contends that he is "actually and factually innocent," because there was no "constructive possession" of the gun where he did not own the gun and "had no intent to gain control of it"; (3) the petitioner asserts that he was 17 years old when he was charged with and convicted of armed robbery in state court, and that because he was unlawfully charged as an adult in that proceeding, the prior state court conviction cannot be used as a predicate for a conviction under 18 U.S.C. § 922(g)(1); (4) the Court evidenced its bias against the petitioner when the Court told him on the record that "he could not win at trial" and improperly denied him a *Franks* hearing; (5) the petitioner's trial counsel was ineffective where none of his attorneys argued that the "fruit of the poisonous tree" doctrine precluded the use in evidence of the gun that was seized as a result of an allegedly improper search; (6) the conviction represents a "miscarriage of justice" where the factual basis of the offense adduced at the plea hearing showed no more than that the petitioner was "merely present" in a residence where a gun was located; and (7) the prosecutor engaged in misconduct where the government charged and prosecuted the petitioner for possessing a firearm, because, so the petitioner contends, a "shotgun" does not fall within the applicable statutory definition of a "firearm."

The government responds that all of the petitioner's claims except for ineffective assistance of counsel are precluded by his guilty plea or procedurally defaulted, and that they are meritless. As to the ineffective assistance claim, the government contends that the petitioner has not set forth any factual basis to show that his attorneys' performance was defective.

## II.

A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeds the maximum penalty allowed by law, or it "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

All of Utley's claims — save the ineffective assistance of counsel claim — could have been raised on direct appeal, if Utley had taken an appeal. A claim that could have been raised on direct appeal generally is not reviewable in a section 2255 motion. *Bousley v. United States*, 523 U.S. 614, 621 (1998) (holding that "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review"); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (reaffirming that "[s]ection 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process"). In *United States v. Frady*, 456 U.S. 152 (1982), the Supreme Court observed:

> Once the defendant's chance to appeal has been waived or exhausted, however, we are entitled to presume he stands fairly and finally convicted, especially when, as

> here, he already has had a fair opportunity to present his federal claims in a federal forum. Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks. To the contrary, a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal.

*Frady*, 456 U.S. at 164-65; *accord Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000) (stating that "respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal"). Where a defendant fails to assert claims on direct appeal and attempts to raise them in a § 2255 motion, "he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Regalado*, 334 F.3d at 528.

However, a procedural default of the sort Utley committed here is not a jurisdictional bar to review of the merits of an issue, *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005), and "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits," *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). Because all of the petitioner's claims are groundless, the Court will turn to the merits.

### A. Pre Guilty-Plea Rulings

The claims raised in the petition premised on alleged errors by the Court in (1) denying the petitioner's motion to suppress; (2) denying his motion for reconsideration of that ruling; and (3) denying the petitioner a *Franks* hearing all occurred before the petitioner entered his guilty plea. However, a "voluntary and unconditional guilty plea waives all non-jurisdictional defects in the proceedings." *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001). An exception to that rule is found in conditional guilty pleas, which require a defendant to specify in writing the issues

preserved for appeal, and then only with the government's consent. Fed. R. Crim. P. 11(a)(2); *see United States v. Bell*, 350 F.3d 534, 535 (6th Cir. 2003) (holding that "a defendant who pleaded guilty may not appeal an adverse ruling on a pre-plea motion to suppress evidence 'unless he has preserved the right to do so by entering a conditional plea of guilty in compliance with' Rule 11(a)(2)" (quoting *United States v. Herrera*, 265 F.3d 349, 351 (6th Cir. 2001))). Utley's guilty plea was unconditional. Collateral review in such a case is limited to whether the plea was voluntary, intelligent, and knowing. *United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). In this case, the record of the plea hearing amply establishes that the petitioner's guilty plea satisfied those criteria.

A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748.

At the time of the plea hearing, the petitioner was 26 years old and had prior experience with the criminal justice system. There is no evidence that he suffered from physical or mental ailments that would have impaired his ability to understand the criminal proceedings or the nature of his plea. The petitioner was represented by legal counsel and conferred with counsel during the plea process. The Court advised the petitioner of his trial rights and the fact that he would be giving up those

rights by pleading guilty. The Court discussed the charge and the terms of the plea agreement and its direct consequences, including the parties' agreed-upon sentence range of 70 to 87 months imprisonment. The petitioner stated that he understood the terms of the plea agreement, he was pleading guilty of his own free will, and he had not been coerced, threatened, or promised anything else to induce his plea. The petitioner does not argue, and he has not offered any factual basis or legal authority to suggest, that he did not enter his plea knowingly, intelligently, and voluntarily. All of his pre-plea claims are foreclosed.

### B. Factual Basis for Conviction

The petitioner contends that he is actually innocent of the charges because he believes that the plea record does not establish the elements of the crime charged. He says that the plea colloquy did not contain an admission that he possessed — or even constructively possessed — the firearm; the shotgun did not qualify as a "firearm" under the statute; and the predicate conviction should not have been used because Utley was seventeen years old at the time he committed that earlier offense. None of those arguments is persuasive.

### 1. Possession

Utley's factual recitation at the plea hearing went like this:

THE COURT: [Y]ou're charged with being a felon in possession of a firearm. There are three elements to that crime. First, that you were under a disability because you had been convicted of a felony, that is, a crime that's punishable by more than a year in prison. That after that conviction became final you came into possession of a gun, of a firearm. And finally, that the firearm had traveled in commerce, which means interstate commerce across state lines. Do you believe if you went to trial the Government could prove those elements beyond a reasonable doubt?

DEFENDANT: Yes, your Honor.

-7-

| | |
|---|---|
| THE COURT: | How then are you going to plead to being a felon in possession of a firearm? |
| DEFENDANT: | Guilty. |
| THE COURT: | Are you pleading guilty to that crime because you believe you are guilty? |
| DEFENDANT: | Yes, your Honor. |
| THE COURT: | Mr. Utley, I sat through that evidentiary hearing, of course, and listened to the testimony, so I'm pretty aware of what the case is about, but I do need you to tell me on the record in your own words what you did that makes you believe you're guilty. |
| DEFENDANT: | I was aware of a firearm and there was a firearm in the apartment. I don't know the address. I forgot the address. |
| THE COURT: | Wasn't that in Waterford, Michigan? |
| DEFENDANT: | Yes, in Waterford, Michigan. My child's mother called me over to her home and I went over there. And I was aware of that she owned a firearm and I had access to her firearm. I still went over there. |
| THE COURT: | Was it a shotgun? |
| DEFENDANT: | Yes, it was a shotgun. |
| THE COURT: | The plea agreement says the shotgun belonged to you and it was recovered from under the bed. Was it your gun or her gun? |
| DEFENDANT: | It was not my firearm, no. I knew that there was a firearm in the residence, but it wasn't my residence. I stay — I live in Pontiac, Michigan. |
| . . . | |
| THE COURT: | You did not own the shotgun itself? |
| DEFENDANT: | No, your Honor, I did not own it. |
| THE COURT: | But you had access to it and you could retrieve it? |

-8-

| | |
|---|---|
| DEFENDANT: | If I wanted to, I could have, yes. |
| THE COURT: | So you were in what we call constructive possession of the firearm, is that fair to say? |
| DEFENDANT: | Yes, your Honor. Yes. |
| . . . | |
| THE COURT: | [T]he third element is that the gun traveled in interstate commerce. Would you agree that the shotgun was not manufactured in Michigan, it was manufactured out of state and had to travel over state lines to get here? |
| DEFENDANT: | Yes, your Honor. |
| THE COURT: | All right. And that occurred on January 6[, 2012], correct? |
| DEFENDANT: | Yes. |

Plea Hr'g Tr. [dkt. #62] at 20-22 (Pg ID 484-86).

"'Constructive possession exists when a person does not have possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others.'" *United States v. Taylor*, 800 F.3d 701, 709 (6th Cir. 2015) (quoting *United States v. Gardner*, 488 F.3d 700, 713 (6th Cir. 2007)). The petitioner contends that he is factually innocent of the charged crime because, although he admitted that he could have retrieved the shotgun at any time if he wanted to, there is no evidence in the record showing that he did, in fact, ever intend to do so. That argument is foreclosed by the defendant's guilty plea where he admitted on the record that he had constructive possession of the shotgun and pleaded guilty to possessing it. "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989).

Moreover, the petitioner's argument is groundless where he admitted at his plea hearing that he knew the shotgun was kept in the house where his child's mother lived, and that "[i]f [he] wanted to, [he] could have" retrieved it. It is clear from the Supreme Court's recent decision in *Henderson v. United States*, 574 U.S. ---, 135 S. Ct. 1780 (2015), that section 922(g)(1) does not require proof that a defendant formed an intention actually to retrieve a firearm from the place where he knows it to be available. Instead, the intent that is required by the concept of constructive possession is the intent to exercise control over a firearm, i.e., the intent to have or put or keep it in a place where the defendant knows that he could obtain actual possession of it at any time at his desire. *See Henderson*, 135 S. Ct. at 1784 ("[Section] 922(g) prevents a court from ordering the sale or other transfer of a felon's guns to someone willing to give the felon access to them or to accede to the felon's instructions about their future use."). As the holding in *Henderson* shows, there is no need for proof that a felon formed at a specific point in time an intent to obtain actual possession of the weapon in question; it is enough to trigger the prohibition of the statute to show that the defendant knowingly and intentionally placed himself, the weapon, and its custodian into a relationship or set of circumstances where the defendant could, at his whim, obtain or regain physical possession of the item at any time.

The facts admitted by Utley at his plea hearing established the possession element of his crime.

### 2. "Firearm" Definition

The petitioner also contends that he is actually innocent of the offense of conviction because the "shotgun" in question does not qualify as a "firearm" under the relevant statutory definition.

That argument likewise is barred by his guilty plea, where he admitted at the plea hearing that he "was aware of a firearm and there was a firearm in the apartment," referring specifically to the H&R branded 12-gauge shotgun in question.

Moreover, under the applicable statutory provision, "[t]he term 'firearm' means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device," but "[s]uch term does not include an antique firearm." 18 U.S.C. § 921(a)(3). Federal courts repeatedly have concluded, with little fanfare, that weapons classified as "shotguns" are "firearms" under the statutory definition. *E.g.*, *United States v. Griffith*, 786 F.3d 1098, 1101 (8th Cir. 2015) ("A shotgun receiver contains the operating parts of the shotgun. Under 18 U.S.C. § 921(a)(3)(B), the receiver constitutes a firearm."); *United States v. Smith*, 472 F.3d 752, 754 (10th Cir. 2006) (holding that the evidence established that two "shotguns" were firearms because they plainly met the definition of devices "designed to or [that] may readily be converted to expel a projectile by the action of an explosive" under 18 U.S.C. § 921(a)(3)(A)); *United States v. Aldaco*, 201 F.3d 979, 986 (7th Cir. 2000) ("Proof that the shotgun properly fired during the test-firing conducted by Chicago police demonstrates that the weapon is a firearm as charged in the indictment."); *United States v. Adams*, 137 F.3d 1298, 1300 (11th Cir. 1998) (The actual firearm was in evidence and the pawn shop attendant testified that this firearm was a 'Winchester blue 12 gauge shotgun.' This was sufficient evidence to prove beyond a reasonable doubt that the firearm was designed to expel a projectile.").

The petitioner contends that shotguns, or certain types of shotguns intended primarily for "sporting use," are exempted from the definition of "firearm" under section 921(a)(3). But the

language he relies upon is quoted from section 921(a)(4), which defines the term "destructive device," not the term "firearm." And the petitioner has not offered any facts to show, or even to suggest, that the shotgun in question falls under the only explicit exception to section 921(a)(3), which excludes "antique firearms," meaning those made before 1898 and "replica" weapons not designed to use any form of modern ammunition. *See* 18 U.S.C. § 921(a)(16).

### 3. "Felon" Status

The petitioner's argument that his present conviction improperly was premised on a prior conviction for armed robbery is without merit. The petitioner contends that his previous conviction violated his constitutional rights, but he has not pointed to any defects in those proceedings other than that he was charged and convicted as an adult and that "no hearing ever was held" on that subject in the state court proceedings. This claim, like the petitioner's other pre-plea claims, is foreclosed by his plea of guilty, by which he necessarily admitted the fact that he had been convicted of a qualifying felony offense before possessing the firearm in question. *Broce*, 488 U.S. at 569.

Moreover, "absent a violation of [his right to counsel under] *Gideon v. Wainwright*, a defendant may not use § 2255 to challenge the constitutionality of predicate convictions." *United States v. Sanders*, 452 F.3d 572, 575 n.2 (6th Cir. 2006) (citing *Daniels v. United States*, 532 U.S. 374 (2001)). The defendant contends that his previous state court conviction is invalid because "no hearing ever was held" and because he was charged as an adult although he was a juvenile. He has not raised any claim that he was denied his right to counsel in that proceeding. And he has not cited any legal authority for the proposition that an armed robbery conviction cannot serve as the premise of a later conviction under section 922(g)(1), where the defendant was charged and convicted as an adult in state court, even though he was only seventeen years old. It is true that the Supreme Court

has held "that children are constitutionally different from adults for purposes of *sentencing*," *Miller v. Alabama*, --- U.S. ---, 132 S. Ct. 2455, 2464 (2012) (emphasis added), and that "because juveniles have lessened culpability they are less deserving of the most serious forms of punishment," *Graham v. Florida*, 560 U.S. 48, 50 (2010). But the Sixth Circuit and other federal courts repeatedly have affirmed convictions and sentences based on predicate felony convictions where the offenses were committed by a defendant before the age of maturity, but where the defendant was charged and convicted as an adult. *United States v. Graham*, 622 F.3d 445, 463 (6th Cir. 2010) (affirming sentence and rejecting defendant's argument "that applying § 841(b)(1)(A) to juvenile-age offenses prosecuted and convicted as adult proceedings violates the Eighth Amendment") (collecting cases). The transfer of a juvenile defendant for prosecution as an adult also routinely has been upheld as an allowed procedure by the Sixth Circuit, *United States v. A.R.*, 203 F.3d 955, 964 (6th Cir. 2000), and by the Supreme Court, *see Miller*. The defendant has not cited any contrary authority holding that such a procedure is *per se* constitutionally infirm.

## C. Ineffective Assistance of Counsel

The petitioner contends that one — or perhaps all three — of his attorneys failed to deliver constitutionally sound representation. Claims of ineffective assistance of counsel are properly raised in a section 2255 motion. *United States v. Graham*, 484 F.3d 413, 421-22 (6th Cir. 2007) (quoting *United States v. Aguwa*, 123 F.3d 418, 423 (6th Cir. 1997)). To succeed on an ineffective assistance of counsel claim, the petitioner "must show both deficient performance and prejudice." *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009). An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). An attorney's deficient performance is prejudicial if

"counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687.

The *Strickland* framework applies to claims of ineffective assistance of counsel arising from a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Carter v. Collins*, 918 F.2d 1198, 1200 (5th Cir. 1990). The first element of the test remains the same. *Ibid.* However, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59. "In other words, . . . the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Ibid.*; *Carter*, 918 F.2d at 1200; *see also Smith v. United States*, 348 F.3d 545, 551-52 (6th Cir. 2003).

One way of establishing defective performance is to show that defense counsel missed a meritorious argument under the controlling law. However, the failure to file a meritless motion or raise a groundless objection does not constitute defective performance. *Jalowiec v. Bradshaw*, 657 F.3d 293, 321-22 (6th Cir. 2011) (stating that an "attorney is not required to raise a non-meritorious claim" (citing *Wilson v. Mitchell*, 498 F.3d 491, 514-15 (6th Cir. 2007))); *see also Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (reiterating that the "[Supreme] Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success" to avoid a finding of deficient performance under *Strickland*).

Here, the petitioner has failed to develop any factual basis or legal argument on the performance element, beyond the naked assertion that his attorneys did not advance any arguments in the motion to suppress or motion for reconsideration based on the "fruit of the poisonous tree" doctrine. His remaining arguments couched in the context of the ineffective assistance claim are

simply reiterations of his challenges to the Court's rulings on his pre-plea motions and his arguments that the evidence adduced at the plea hearing was insufficient to support the conviction. But in order to show that his attorneys were ineffective, he must show how *they* erred in advancing his defense, not how the Court supposedly erred in issuing rulings that he disputes. It is undisputed that the defendant's attorneys filed and vigorously litigated both a motion to suppress the shotgun as evidence and a motion for reconsideration of the Court's ruling denying the motion to suppress. The petitioner cannot show that his attorneys performed deficiently where they explicitly raised the same arguments that he now advances regarding the use of the gun as evidence, and the Court simply rejected them.

Moreover, the "fruit of the poisonous tree" doctrine that the petitioner contends his attorneys overlooked has no applicability to the circumstances of this case. It is true that "the exclusionary rule [under the Fourth Amendment] reaches not only primary evidence obtained as a direct result of an illegal search or seizure, but also evidence later discovered and found to be derivative of an illegality or 'fruit of the poisonous tree.'" *Segura v. United States*, 468 U.S. 796, 804 (1984). But the petitioner does not point to any evidence (other than the shotgun that he was convicted of possessing) which he contends was derived from the allegedly illegal search and which should have been suppressed. His attorneys cannot have failed him by omitting an argument based on a rule of law that has no application to his case. Moreover, the petitioner's counsel repeatedly litigated his argument that the shotgun ought to be suppressed as a *direct* product of the illegal search; no argument premised on the "fruit of the poisonous tree" doctrine would have added anything to that position.

Finally, to the extent that the petitioner contends that his lawyers were ineffective by atiling to raise the substantive objections to the conviction discussed above, counsel's performance was not defective on any of those grounds, because failing to raise or argue meritless positions does not constitute defective performance. *Jalowiec*, 657 F.3d at 321-22.

### D. Judicial Bias

The petitioner contends that his right to an impartial adjudicator was violated because the Court was biased against him. Certainly, a criminal defendant has the right to an impartial judge no matter what the evidence against the defendant may be. *Tumey v. Ohio*, 273 U.S. 510, 535 (1927). The right to an impartial adjudicator, be it judge or jury, is a right so basic to a fair proceeding that its infraction can never be treated as harmless error. *Gray v. Mississippi*, 481 U.S. 648, 668 (1987) (citing *Chapman v. California*, 386 U.S. 18, 23 n.8 (1967)). But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," and critical or disapproving judicial remarks to counsel or the parties ordinarily do not support a bias or partiality challenge. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Nor do "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, . . . constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Ibid.*

Utley asserts that the bias of the Court is shown by its rulings denying his motion to suppress and motion for reconsideration, the Court's denial of the defendant's request for a *Franks* hearing, and the Court's comment on the record that "he could not win at trial." None of those circumstances are sufficient to sustain a claim of judicial bias.

*First*, the petitioner's argument that the Court was biased against him because it denied his motion to suppress and motion for reconsideration cannot succeed because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," *Liteky*, 510 U.S. at 555, and the petitioner has not identified any evidence of bias in the Court's rulings other than his disagreement with them.

*Second*, the petitioner contends that the Court was biased because it refused to allow him an opportunity for a *Franks* hearing. The purpose of a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), is to examine the nature and veracity of statements made by law enforcement officials in support of a warrant authorizing a search and to rule on whether any evidence recovered during a search ought to be suppressed. *See United States v. Ray*, 803 F.3d 244, 254 (6th Cir. 2015). The Court did not deny the petitioner any opportunity for a hearing on his motion to suppress. In fact on August 8, 2012, the Court held an evidentiary hearing on the suppression motion. During that hearing the Court heard testimony from four witnesses on direct and cross-examination, as well as the arguments of counsel for both sides. The petitioner has not identified any defect in those proceedings that denied him a full and fair opportunity to air his objections to the use of the shotgun in question as physical evidence.

Finally, the petitioner has not cited any record proceedings where the Court advised him that "he could not win at trial"; the Court has no recollection of saying that to the petitioner; and the Court could not locate any transcripts in this case in which that statement was made. However, even if the Court made such a comment, it does not suffice to show that the Court was biased against the petitioner. The comment, if it was made, does not express any hostility or animus toward the defendant, but merely states a view on the merits of the case. "[O]pinions formed by the judge on

-17-

the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, [do not] constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. And in any event, if the case had gone to trial it would have been decided by a jury, not by the Court, so the comment does not support any conclusion that the Court had any consequential prejudice or predisposition to rule against the defendant.

### E. Prosecutorial Misconduct

The petitioner's claim of prosecutorial misconduct is grounded in several of the same arguments discussed above, and it essentially is a claim that the prosecutor lacked probable cause to charge and prosecute him. This claim, like the other pre-plea claims discussed above, is foreclosed by the petitioner's guilty plea. Moreover, "the probable cause determination is not a constitutional prerequisite to the charging decision," and an "illegal arrest or detention does not void a subsequent conviction." *Gerstein v. Pugh*, 420 U.S. 103, 125 n.26, 119 (1975). The petitioner therefore has no right to relief on the basis of his claim that the prosecution lacked probable cause to charge and arrest him and failed to follow the proper protocol following his arrest.

### III.

The petitioner's pre-plea claims of error in the trial court proceedings are foreclosed by his guilty plea, and his other claims lack merit.

Accordingly, it is **ORDERED** that the petitioner's motion to vacate his sentence [dkt. #50] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   January 28, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 28, 2016.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI