UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON UTLEY,

          Petitioner,

          Criminal Case Number 12-20160
          Civil Case Number 13-14727
          Honorable David M. Lawson

UNITED STATES OF AMERICA,

          Respondent.

_____/

**<u>ORDER TRANSFERRING SECOND OR SUCCESSIVE MOTION TO VACATE
SENTENCE TO THE UNITED STATES COURT OF APPEALS</u>**

On February 25, 2016, the petitioner filed a document entitled "Amended § 2255 claim for judicial prejudice and/or bias and violation of rights in criminal cases." The Court will construe this as a second motion by the petitioner to vacate his sentence under the authority of 28 U.S.C. § 2255. The petitioner previously filed such a motion, which the Court denied. Because the present motion is his second motion filed under 28 U.S.C. § 2255, the Court must transfer the case to the court of appeals for determination whether the petitioner may file a second motion. 28 U.S.C. §§ 2255(h), 2244(b)(3)(A).

Petitioner Aaron Utley was convicted on his plea of guilty of being a felon in possession of a firearm, after entering into a plea agreement under Federal Rule of Criminal Procedure 11(b)(1)(C). He was sentenced on April 5, 2013 to a prison term of 57 months, well below his sentencing guideline range of 70 to 87 months, which was predicted in the plea agreement. Utley did not file a direct appeal from his conviction or sentence. Seven months later, Utley filed a motion to vacate his sentence under 28 U.S.C. § 2255, in which he alleged that the Court was biased against him and erred in denying his pretrial motion to suppress evidence; his trial counsel was ineffective by failing effectively to argue the suppression motion; the conviction was a "miscarriage of justice"

because certain elements were not satisfied, as a matter of law, by the facts adduced in the record of the guilty plea hearing; and the prosecutor engaged in misconduct by charging and prosecuting a meritless indictment premised on facts that did not constitute a crime under federal law. The Court found that those arguments lacked merit and denied the motion. In his present "amended" motion, the petitioner argues that his right to challenge his conviction and sentence unlawfully was impaired by this Court's error when it terminated his previous motion without adjudication and delayed the resolution of that motion for two years.

An individual seeking to file a second or successive motion under section 2255 first must ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a defendant files a second or successive motion to vacate his sentence in the district court without preauthorization from the court of appeals, the district court must transfer the motion papers to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

The petitioner cannot proceed with his present motion without first obtaining permission to file a second or successive motion to vacate or correct his sentence from the court of appeals. Therefore, the Clerk of Court is ordered to transfer the motion papers to the court of appeals pursuant to *In re Sims* and 28 U.S.C. § 1631.

Accordingly, it is **ORDERED** that the petitioner's motion to vacate sentence [dkt. #70] is **DENIED WITHOUT PREJUDICE** for want of jurisdiction.

It is further **ORDERED** that the Clerk of Court shall transfer the motion to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

                                        s/David M. Lawson
                                        DAVID M. LAWSON
                                        United States District Judge

Dated:   February 26, 2016

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 26, 2016.

                                s/Susan Pinkowski
                                SUSAN PINKOWSKI