UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON UTLEY,

          Petitioner,

Criminal Case Number 12-20160
Civil Case Number 13-14727
Honorable David M. Lawson

UNITED STATES OF AMERICA,

          Respondent.

_____/

## ORDER DENYING AMENDED MOTION TO VACATE SENTENCE

This matter is before the Court on petitioner Aaron Utley's amended motion to vacate his sentence, which was filed after the Court issued its decision denying a previous motion to vacate his sentence. The Court initially construed the amended motion as a second or successive petition and transferred it to the Sixth Circuit Court of Appeals. However, the motion was remanded for decision by this Court, because the appellate court found that this Court had the authority to address it, since the amended motion was filed within the time for filing a notice of appeal of the decision denying the petitioner's earlier motion.

In his original motion, Utley raised claims that the Court was biased against him and erred in denying his pretrial motion to suppress evidence; his trial counsel was ineffective by failing effectively to argue the suppression motion; the conviction was a "miscarriage of justice" because certain elements were not satisfied, as a matter of law, by the facts adduced in the record of the guilty plea hearing; and the prosecutor engaged in misconduct by charging and prosecuting a meritless indictment premised on facts that did not constitute a crime under federal law. The Court found that the petitioner's pre-plea claims of error in the trial court proceedings were foreclosed by his guilty plea, and his other claims lacked merit. The Court therefore denied the motion, and

subsequently denied a motion for reconsideration. The Court also twice denied a certificate of appealability as to all claims and issues raised in the original motion and motion for reconsideration.

After the Court denied Utley's motion for reconsideration, he filed his amended motion, which was captioned: "Amended § 2255 claim for judicial prejudice and/or bias and violation of rights in criminal cases." ECF Doc. No. 70. In his amended motion Utley raises a single claim that his sentence should be vacated based on "new evidence" that the Court was biased against him. The "new evidence" to which Utley refers is the record of proceedings in this case, which Utley claims shows that the Court made "false statements" when it terminated his original motion based on a supposed letter received from counsel indicating that it was resolved. The Court previously addressed the docketing error that led to the erroneous termination of the original motion to vacate sentence, in its response to the petition for mandamus which the Court filed in the Sixth Circuit, explaining the circumstances of the adjudication of the original motion as follows:

> According to the district court docket entries, on March 14, 2012, the petitioner was charged in a single-count indictment with possessing a firearm after having been convicted of a felony, contrary to 18 U.S.C. § 922(g)(1). On December 4, 2012, the petitioner pleaded guilty to the felon in possession charge. On April 5, 2013, the Court sentenced the petitioner to 57 months in prison, to be served concurrently with an ongoing state prison sentence for a parole violation. The petitioner did not file any direct appeal of his conviction or sentence. On November 14, 2013, he filed a motion to vacate his sentence under 28 U.S.C. § 2255. The government filed its response to the motion on April 4, 2014.
>
> On August 18, 2015, the petitioner filed a petition for a writ of mandamus in the Court of Appeals, seeking to compel the adjudication of his petition. On January 21, 2016, the Court of Appeals entered an order inviting this Court to respond to the petition. In particular, the Court of Appeals observed that two text entries appear on the docket dated July 11, 2014, indicating that the motion to vacate sentence [ECF Doc. No. 50] was terminated because the Court had "[r]eceived [a] letter from counsel stating that all issues have been resolved." As the Court of Appeals observed, the correspondence to which those entries purport to refer does not appear on the docket.

> The Court has reviewed the petition, the record of proceedings in this case, and the Court's own chambers file on the matter, and it has found no copy or other record of any correspondence received from the parties or their counsel indicating that the motion to vacate sentence was withdrawn or that any of the claims or issues raised therein had been "resolved." The government filed a response to the motion opposing it on the grounds that the claims raised are procedurally foreclosed and without merit. The petitioner has not filed any reply or other papers indicating that he intends to abandon any of the claims raised in the motion. The Federal Defender Office has informed the Court that it did not find in its records any record of correspondence indicating that the motion to vacate sentence was withdrawn or resolved.
>
> The Court is unable to determine why its former case manager (who is no longer employed by the court) terminated the motion to vacate the sentence. The Court concludes, after reviewing the record of proceedings and its own file on the matter, that the July 11, 2014 text entries on the docket which resulted in the termination of the motion to vacate were created by mistake, apparently due to a clerical error. Because of that error, the matter incorrectly was removed from the Court's active docket, even though the motion to vacate sentence remained pending.
>
> The Court further concludes that the mistake was not caused by any fault of the petitioner, the government, or the attorneys for either party. However, the Court freshly has reviewed the submissions of the parties and now finds that the petitioner's motion is fully briefed. The Court has turned its immediate attention to that motion and decided it today. An opinion and judgment has been entered. The most recent version of the docket entries is attached as Exhibit A.

*In re: Aaron Utley*, No. 15-1973 (6th Cir. Jan. 28, 2016).

Contrary to the petitioner's assertion in his present amended motion, the Court did not make any "false statement" indicating bias against him. As the Court explained in its response in the mandamus proceeding, the Court was unable to determine why its former case manager had terminated the motion, but it did find that the erroneous termination was not the fault of the petitioner or of counsel for either party. The petitioner has not pointed to any evidence in the record to demonstrate that the clerical mistake which led to the delay in the adjudication of his original motion to vacate sentence indicated that the Court harbored any ill will toward him either during the trial proceedings or after judgment was entered, based on his plea of guilty.

Moreover, in its opinion denying the petitioner's motion for a certificate of appealability, the Sixth Circuit concluded that none of the issues raised in the original motion had merit, and in particular it found that Utley had not pointed to any evidence in the record of the trial proceedings to establish that the Court was biased against him. *See* Order Denying App. for Cert. of Appealability [79] (6th Cir. Sept. 2, 2016). Utley's claim that "new evidence" of procedural mishandling by the Court indicates bias fares no better. "[A]dverse rulings are not evidence of judicial bias." *Trask v. Rodriguez*, 854 F.3d 941, 944 (7th Cir. 2017) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). "[J]udicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel and to witnesses [which occur] in the course of judicial proceedings, and neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible" do not suffice to prove judicial bias against a defendant. *Liteky*, 510 U.S. at 556; *see also Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) ("[W]e reject Collins's assertion that Judge Mills must have been biased because he initially dismissed her complaint and later required her to amend it four times. . . . [The appellant has not presented any] evidence that would lead a reasonable observer to believe that the judge was incapable of ruling fairly, as required to establish actual bias."). In this case, the petitioner never has identified any commentary in the record, or any other circumstances of the proceedings, which suggest that the Court ever harbored any unequivocal and deep-seated antagonism against him. The Court harbors no ill will toward the petitioner, and it never has. The circumstances of the docketing error that led to the delay in the Court's adjudication of the original motion to vacate do not suggest otherwise.

The petitioner has failed to point to any information in the record to support his claim that "new evidence" shows that the Court was biased against him, and his amended motion to vacate sentence therefore must be denied.

Accordingly, it is **ORDERED** that the petitioner's amended motion to vacate sentence [70] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: January 18, 2018

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 18, 2018.

s/Susan Pinkowski
SUSAN PINKOWSKI